```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

DUANE E. NOLAND,              )
                              )
       Plaintiff,             )   Case No. 3:10-0486
                              )   Judge Haynes/Bryant
       v.                     )
                              )
JOE EASTERLING, et al.,       )
                              )
       Defendants.            )

**TO: The Honorable William J. Haynes, Jr.**

## REPORT AND RECOMMENDATION

Plaintiff Noland, who is proceeding pro se, is a prisoner confined at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against defendants Joe Easterling, the Warden of the facility, Jack Carter, the Education Department Vice Principal and Deanne Mills, who is identified as a supervisor in the Inmate Programs Department for the facility.

The Court has referred this case to the undersigned Magistrate Judge for pretrial matters and report and recommendation on any dispositive motion (Docket Entry No. 12).

For the reasons stated below, the undersigned Magistrate Judge recommends that this case be transferred to the Western District of Tennessee, Eastern Division, at Jackson, Tennessee. 28 U.S.C. § 1406(a).

## Analysis

The plaintiff brings this action against Joe Easterling, Jack Carter and Deanne Mills, all of whom are identified in the

complaint as employees at Hardeman County Correction Facility in Whiteville, Tennessee (Docket Entry No. 1). All events giving rise to plaintiff's claims occurred at the Hardeman County Correctional Facility. (Id.) In summary, plaintiff alleges that conditions of confinement and, in particular, the terms and conditions of his prison employment, violate his constitutional rights.

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). That provision requires that an action, such as the instant case, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial parts of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

In this case, according to the complaint, the defendants reside in or around Hardeman County. The plaintiff's claims arose at the correctional facility in Hardeman County. Since Hardeman County lies within the Western District of Tennessee, 28 U.S.C. § 123(c)(1), venue for this action properly belongs in that judicial district.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the Court transfer this case to the Western

2

District of Tennessee, Eastern Division, at Jackson, Tennessee, and that the Clerk be instructed to send a copy of the Court's order of transfer to the custodian of plaintiff's inmate trust account at Hardeman County Correctional Facility to ensure that the trustee complies with the provision of the Prison Litigation Reform Act governing payment of the filing fee.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 5th day of October 2010.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge